*Ex parte* GROVER BLUM.

No. A-2876.    Opinion Filed April 19, 1917.

(164 Pac. 136.)

HABEAS CORPUS—Nature of Writ—Discharge—"Habeas Corpus." The writ of "habeas corpus" is a writ of right, granted to inquire into all cases of illegal imprisonment, and a person imprisoned in the penitentiary under a void commitment issued by a court clerk upon the verdict of a jury, where no judgment was rendered upon such verdict, will be discharged from such illegal imprisonment and remanded to the custody of the trial court.

Application of Grover Blum for writ of *habeas corpus*. Sheriff of Tulsa county directed to take petitioner into custody and to commit him to county jail subject to further orders of superior court of Tulsa county.

*Jno. J. N. Sykes,* for petitioner.

*S. P. Freeling,* Atty. Gen., *R. McMillan,* Asst. Atty. Gen., and *J. P. Evers,* Co. Atty., for respondent.

DOYLE, P. J.   A writ of *habeas corpus* having been duly issued out of this court, directed to the warden of the state prison at Granite, commanding him to produce before this court Grover Blum, then in his custody, to the end that the legality of his imprisonment might be inquired into, such warden, in obedience to the mandate of the writ, has brought the said Grover Blum before the court and made return to the writ. It appears,

both by the petition upon which the writ was allowed and issued and by the return of the warden to the writ, that the petitioner was convicted in the superior court of Tulsa county on an information charging him with the crime of conjoint robbery, and his punishment fixed at five years' imprisonment in the penitentiary. Said verdict was returned on the 27th day of February, 1914. It is averred in the petition that a motion for new trial was duly filed and was not passed upon by the court. It is further averred that no judgment was ever entered or sentence imposed upon the verdict rendered in the case. These facts are admitted in the return of the respondent, but respondent further answers:

"That shortly after said verdict was rendered, and while said court was still in session, the defendant escaped from custody. That the defendant afterwards was arrested by the sheriff of Tulsa county, brought before the court, and the clerk of said court without having looked back to ascertain whether said judgment had been entered, and assuming that judgment had been entered, thereupon issued a commitment on which the petitioner is now and has been confined in the state penitentiary. Therefore this respondent denies that the petitioner is illegally incarcerated inasmuch as the failure to enter the judgment by the clerk, or the failure of the judge to pronounce judgment after verdict rendered, was merely directory so far as the defendant was concerned, and was not such error as to authorize the issuance of the above writ."

Upon the answer and return of the respondent we are of opinion that the petitioner is illegally imprisoned, and it is ordered that he be discharged therefrom.

The sheriff of Tulsa county, present in court, is directed to take the petitioner into his custody and commit him to the county jail of Tulsa county, there to re-

main subject to the further orders of the superior court of Tulsa county.

ARMSTRONG and BRETT, JJ., concur.